

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1489-11

**DONALD ADAMS LOTHROP, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE SECOND COURT OF APPEALS WISE COUNTY

**JOHNSON, J., filed a concurring opinion.**

### C O N C U R R I N G   O P I N I O N

Driving on the shoulder over a railroad crossing is, in most places, very unwise. In rural areas, the shoulder sometimes does not continue across the crossing, making for a very rough ride and difficulty in maintaining control of a vehicle. If the crossing has been improved by leveling and the installation of metal plates between the tracks, the leveling and plates may not extend as far to the sides as the shoulder does. If there are crossing signs or gates, driving on the shoulder puts one in close, perhaps too close, proximity to the supporting posts and protruding parts. All in all, driving over a railroad track on the shoulder, improved or not, is generally unsafe. Lack of safety is

exacerbated by crossing the tracks on the shoulder without slowing.

Boyd is a town of about 1,000 persons that lies to the northwest of Fort Worth at the intersection of state Highway 114, a paved undivided highway, and Farm to Market Road 730. During the suppression hearing, the state called the arresting officer.

Q. [H]ow did you come about coming into contact with Mr. Lothrop?

A. I was traveling east bound on 114 about the 200 block also considered Rock Island. I observed two vehicles approaching the railroad tracks. I observed one vehicle to slow down to cross the railroad tracks. I saw the second vehicle pass on the shoulder at the railroad tracks. Both continued going westbound. I initiated a traffic stop on the second vehicle that stopped on the shoulder.

Q. Let me clarify a couple of things here. 114 coming into Boyd from the east is a–is it a two lane road?

A. Right. It's a two lane road at the railroad tracks.

I R.R. at 4-5.

On cross-examination, the officer's testimony became somewhat confusing.

Q. And you saw two vehicles . . . going through the railroad tracks.

A. Right.

Q. All right.

A. They were side by side.

Q. Okay. And once the Defendant was on the shoulder, did he actually pass the vehicle that was beside him to his–

A. Yes.

Q. –left? Okay Did he get back on to the main portion of the–

A. If you come back up here [to defense exhibit 1], I'll show you about the road actually splitting in front of Rock Island where it goes to two lanes. When they passed, they were both in their lanes.

Q. Did he go–so the vehicle he passed remained on the inside lane and he proceeded over to the outside lane; is that correct?

A. Yes.

I R.R. at 9-10.

The officer's testimony suggests that Highway 114 is a two-lane road coming into Boyd from the east, but just west of the tracks, it becomes a four-lane road, with two lanes on each side. This is confirmed by defense exhibit 1.

Later in cross-examination, defense counsel asked about the officer's view of the two vehicles.

Q. Did you tell me that the vehicle that had been in front of the Defendant that that vehicle had slowed?

A. Right. It had slowed sown.

Q. Tell me about–tell me about that. Some people, if they're very familiar with an area, roll over the track. Other people if they're going through an area and don't know the nature of the railroad track don't know how rough that's going to be.

A. Right. That's the way I took it, you know, most people that have driven through Boyd they know to slow down because there is a dip at the railroad track. That's what it appeared that the car slowed down, ease over the dip instead of going the speed limit and bouncing around.

Q. And safe to say that the Defendant's vehicle did not make that same slow stop or hit his brake in the same manner? He went across the railroad tracks faster?

A. Right.

Q. And went on to the shoulder to pass that other vehicle?

A. Right.

I R.R. at 13-14.

Common sense leads me to think that appellant's decision to cross the railroad tracks on the

shoulder, even if "necessary" to pass the slower vehicle and in anticipation of the four-lane road just ahead, was likely unsafe and definitely not a good idea. But in this case, there was no testimony that his driving over the tracks on the shoulder was unsafe. We cannot discern from the record whether the officer believed that passing on the shoulder at that place was unsafe, only that he thought that it was unlawful. Lack of such testimony is the sole reason that I feel compelled to join the Court's opinion.

Filed: May 9, 2012
Publish